**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

EDWARD J. BROWN

and

MARY M. BROWN                                        *

        Plaintiffs                          *        Case No.: _____

v.                                                   *        **<u>JURY TRIAL DEMAND</u>**

BETHANY BAY HOMEOWNERS
ASSOCIATION, INC.
37320 Clubhouse Rd.
Ocean View, DE 19970                                 *

    **Serve on**: Resident Agent
    Robert J. Valihura, Jr.
    3704 Kennett Pike Suite 200
    Greenville DE19807

ROBERT J. VALIHURA, JR.
3704 Kennett Pike Suite 200
Greenville DE 19807

MORTON, VALIHURA & ZERBATO, LLC
3704 Kennett Pike, Suite 200
Greenville, DE 19807                                 *

    **Serve on**: Resident Agent
    Robert J. Valihura, Jr.
    3704 Kennett Pike Suite 200
    Greenville DE 19807                            *

LEGUM & NORMAN REALTY, INC.
 3130 Fairview Park Dr. Suite 200
Falls Church, VA 22042

    **Serve on**: Resident Agent
    The Corporation Trust Company
    Corporation Trust Center
    1209 Orange St
    Wilmington DE 19801

and

1

LEGUM AND NORMAN, INC.
3130 Fairview Park Dr. Suite 200
Falls Church, VA 22042                                    *

     Defendants.                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>Complaint and Demand for Jury Trial</u>

COMES NOW the Plaintiffs Edward J. Brown and Mary M. Brown ("Brown"), by and through undersigned counsel, Ingmar Goldson, Esq. and The Goldson Law Office, and  Lorraine Lawrence-Whittaker, and Lawrence Whittaker P.C.,  and Edward J. Brown, Esq., and file this Complaint against Defendants, Bethany Bay Homeowners Association, Inc., Robert J. Valihura, Jr., Morton, Valihura & Zerbato, LLC, Legum & Norman Realty, Inc. and Legum and Norman, Inc.  and in support hereof states as follows:

## FACTS COMMON TO ALL COUNTS

1.  Plaintiffs have been and are being pursued by the Defendants for alleged debt in violation of the Fair Debt Claims Practices Act (FDCPA) and through otherwise unlawful means.

2.   Bethany Bay Homeowners Association, Inc.,   Legum & Norman Realty, Inc. and/or Legum and Norman, Inc. engage in debt collections,  and one or more of these Defendants' law firm and lawyer that collects debts, Morton, Valihura & Zerbato, LLC  and attorney Robert J. Valihura, Jr.,  have engaged and are currently engaged in debt collection, including conducting debt collection activities on behalf of  Bethany Bay Homeowners Association, Inc.,   Legum & Norman Realty, Inc. and/or  Legum and Norman, Inc.  against Plaintiffs.

3.  As set forth below Defendants are debt collectors under the FDCPA and   have engaged in unlawful, dishonest, and fraudulent conduct in their debt collection activities, including through interstate mail and including but not limited to multiple violations of  15 U.S.C. § 1692e (False or misleading representations) and 1692(i):

4.  These violations included but are not limited to:

    a)  Providing false sworn statements, including knowingly false sworn statements in Affidavits;

    b)  Providing misleading statements, including knowingly misleading statements in Affidavits and other papers;

    c)  Providing incorrect statements, including knowingly incorrect statements in Affidavits and other papers;

    d)  Maintaining and/or failing to correct and/or withdraw multiple false, misleading and/or incorrect statements, including the maintaining and/or failing to correct and/or withdraw multiple false, misleading and/or incorrect statements even after proof and/or notice of same;

    e)  Improperly and/or unethically running up legal charges and bills, fabricating legal charges, charging for matters that cannot lawfully be charged, and threatening and then claiming exorbitant legal charges (including but not limited to charges for unethical (*e.g.* false sworn statements in Affidavits) and/or incompetent services (*e.g* running up charges in a case wherein jurisdiction had not been obtained) allegedly performed ;

    f)  Falsely swearing under oath in an Affidavit that Plaintiff Mary Brown "responded to a summons;"

    g)   Falsely swearing under oath in an Affidavit that Plaintiff Mary Brown and "requested trial;"

    g)  Falsely swearing under oath in a separate Affidavit that Defendant Valihura had "sent a second mailing to the defendant at the address above on November 9, 2022 via first class mail with a certificate of service from the Post Office. The certificate of mailing is attached," (the falsity of which was disproven by Defendants' own documents);

    h)  Instituting an action with a false statement of the alleged amount owed, when one or more of Defendant's own internal documents established the falsity of this claim;

    i)  Making false representations regarding Plaintiff's addresses;

    j)   Making false representations regarding expenses alleged incurred in the debt collection efforts;

k)  Making false representations in Affidavits regarding alleged signatures by Plaintiffs;

l)   Charging for collection costs in excess of those provided under the Defendants' own  alleged Collection Procedures;

m)  Using interstate mail to falsely claim " an additional $90.00 has been added to your account to cover the attorney's fees due for the preparation and mailing of this letter" when no such charge was added (or could lawfully be added).

n)   Falsely threatening that this improper and fraudulent charge would have to be paid by June 21, 2022 to avoid additional fees, costs and expenses;

o) Falsely representing that late fees are mandatory, when Defendants possessed discretion regarding same;

p)   Bringing and maintaining an action in violation of 1692(i), by bringing a debt collection action in a judicial district which was not the district in  which Plaintiffs signed the contract sued upon or in which either Plaintiff resided at the commencement of the action.

q)   Falsely swearing under oath in a November 10, 2022 Affidavit that expenses of  $260.84 had been incurred, when at most only $174.84 of expenses had been incurred by the time of that Affidavit;

r)   Communicating with the Judge via letters instead of pleadings and/or papers, and submitting *ex parte*  substantive papers, including an Affidavit in support of an alleged $12,000.00 plus fee claim (replete with  false, improper and/or unallowable charges);

s) Violating the Rules of Court prior to Plaintiff Edward J. Brown's Answer challenging the absence of service and lack of jurisdiction over him,

t)   Claiming fees and amounts which are not recoverable under the applicable law,

u) Utilizing improper notarization (or alleged notarization) of documents by a self-interested notary and/or a notary with knowledge of the falsity of statements within the notarized document


**Jurisdiction and Venue**

4

5.      All Defendants carry on business in Maryland and/or have committed acts causing injury, loss, damage and/or harm in Maryland.

6.      This action invokes the Court's Federal Question Jurisdiction as the primary cause of action arises under the FDCPA.

7.      There is also complete diversity between Plaintiffs (who are residents of Maryland) and Defendants, and the amount in controversy exceeds $75,000.00

**Parties**

8.      Plaintiffs are individuals and are residents of the State of Maryland.

9.      Defendant Bethany Bay Homeowners Association, Inc. is a corporation with its principal place of business in Delaware.

10.      Defendant  Morton, Valihura & Zerbato, LLC is a Delaware corporation who regularly practices in Maryland.

11.      Defendant Legum & Norman Realty, Inc. is a District of Columbia Corporation who regularly carries on business in Maryland.

12.      Defendant Legum and Norman, Inc. is believed to be a District of Columbia corporation who regularly carries on business in Maryland.

13.      Defendant Valihura is believed to be a Delaware resident who through acts of fraud, including fraudulent mailings into Maryland, has caused injury, harm and/or damage in Maryland.

**STATEMENTS OF FACT**

14.      Plaintiffs are owners of 37250 Fox Drive in Ocean View, Delaware.

15.      Plaintiff Edward Brown offered to prepay assessments to prevent and/or resolve late fees, interest charges and similar improper charges (hereinafter collectively referred to as "bogus charges.")

16.     Despite Plaintiff's offer, and in contradiction of the conditions of Plaintiff's payment conditions, Defendants continued to assess bogus charges, which was compounded by the threat of improper and excessive alleged legal fees, and subsequent attempted charging of improper and excessive legal fees (hereinafter referred to as "bogus fees.")

17.     For example, on June 9, 2022 Defendants sent through interstate mail a letter, stating in small type at the end of the letter that 'This is an attempt to collect a debt and any information obtained will be used for that purpose," but Defendants failed to include the account number  and failed to set forth an  itemization of the current amount of the debt that reflects interest, fees, payments, and credits since a particular date.

18.     Defendants' June 9, 2022 letter also falsely threatened that "an additional $90.00 has been added to your account," when the Defendants' own Collection Policy limits the amount of any such charge to $55.00.  (It was later discovered that Defendants Valihura and MVZ fraudulently charged the homeowners' association as well).

19.      Defendants' June 9, 2022 letter also falsely threatened that Plaintiffs would incur an additional $200.00 charge, when the Defendants' own Collection Policy limits the amount of any such charge to $185.00.

20.      Defendants never corrected any of the misrepresentations, violations of law and/or improper threats in the June 9, 2022 letter, instead filing suit just eight business days later on June 22, 2022, falsely representing that Plaintiffs that as of June 1, 2022, Defendant owed $4,804.12, when Defendants' own documents established that at most, the alleged debt could have less than half of this falsely claimed amount ($2,329.86.).

21.     Defendants then knowingly and intentionally provided multiple false sworn statements in Affidavits, and/or maintained same with knowledge of the false sworn statements.

6

22.     Defendants provided false Affidavits to mislead the Court into believing that service was properly obtained upon Plaintiffs, and compounded this misconduct by failing to withdraw and/or correct same, making additional misrepresentations,  and/or actively blocked Plaintiff Edward Brown's  efforts to bring the falsity of his sworn testimony to the Court's attention, all the while fraudulently billing the homeowners for this dishonest and incompetent work, and claiming the charges against Plaintiffs.

23.     Defendants proceeded to improperly if not unethically run up over ten thousand dollars of billings on a collection  case with the knowledge that service was not obtained due to their  own lack of competence,  aided and abetted by the providing of  false statements under oath to try to keep the action (and the bogus billing and charges going), while maintaining and/or failing to withdraw or correct thee false statements even after they were brought Defendants' attention, which was then compounded  by additional false statements, improper billing and similar misconduct.

24.      Defendants' additional false statements under oath included the false sworn statements by Defendant Valihura that both Plaintiffs had (1) responded to a summons, and (2) requested a trial on July 15, 2022 in a November 10, 2022 Affidavit, which was blatantly and knowingly false, Plaintiff Mary Brown never responded to any summons and never requested a trial.

25.     Defendants provided another false sworn statement via Defendant Valihura's separate Affidavit on November 10, 2022 wherein he falsely swore in an attempt to  mislead a Court into believing it had obtained jurisdiction over one or both Plaintiffs   (and then refused to correct or withdraw same, perpetuating the fraud upon the Court and Plaintiffs) that  " **I have sent a second mailing to the defendant at the address above on** November 9, 2022 via first class mail with a certificate of service from the Post Office. The certificate of mailing is

7

attached" when the "address above" is  17707 Foxmoor Drive, Woodbine, MD 21797 (Mary

Brown's residence), but when Defendants' own Affidavit and Certificate of Mailing proved the

falsity of this sworn representation.  Thus, the US Post Office Certificate of Mailing attached to

the Affidavit clearly discloses that the second mailing was <u>not</u> sent to that address, but rather:

Second attempt service of Summons       Mary Brown
      3300 N. Ridge Road, Suite 245
      Ellicott City, MD 21043

even though Defendants knew that Plaintiff Mary Brown's residence is 17707 Foxmoor Dr., and

knew full well where the second mailing was sent.

     26.     These false sworn statements followed prior false sworn statements in

Defendants'  July 5, 2022 Affidavit, wherein Defendants via Defendant Valihura  counsel falsely

swore:

> The Defendants <u>Edward and Mary Brown</u> is a non.-resident of the State of Delaware who, on information and belief resides at <u>3300 N. Ridge Rd., Suite 245, Ellicott City MD 21043.</u>

 When Defendants  knew this sworn statement was false, having  received a United States

Postal Service return confirming that this address was not a residence, as Defendants' own

documents established  that by  at least June 30, 2022 (five days before the false Affidavit)

Defendants were aware that  the  Location of service was not a residence, but rather  "Front

Desk/Reception/ Mail Room" as demonstrated by the USPS records in Defendants' possession

prior to the false Affidavit (indeed, Defendants cannot  credibly claim ignorance of same, as

Defendants' via Mr. Valihura swore in another Affidavit that his staff  charged Defendants

$68.00 to prepare this Affidavit and Exhibits (including the USPS tracking) and also charged

$32.00 for Valihura's alleged review of  same.

     27.     Defendants' knowledge, and thus the intentional and knowing making of the false

sworn statement is also established by the fact that  Defendants knew that Suite 245 at  3300 N.

Ridge Road in Ellicott City, Maryland was Defendant Edward J. Brown's Law Office and **not** a

residence, as proven by the Ledger documents submitted by Defendants, as the first Ledger

(5/23/22-11/16/22) demonstrates Defendants' actual  knowledge, as the address states:

> **Edward J. & Mary M. Brown**
> **Law Office of Edward J Brown**
> **3300 N. Ridge Road Ste 245**
> **Ellicott City, MD 21043**

28.     Yet another false  or intentionally misleading sworn statement  was set forth in

Defendants'  May 10, 2023 Affidavit, when Defendants via Mr. Valihura swore:

> 6.  On June 30, 2022, my office received positive service with signature for both
> Defendants.

even though neither Plaintiff ever signed for any mailings.

29.     Defendants' knowledge of the fact  before  the  false November  10, 2022

Affidavit that 3300 N. Ridge Rd. was not Plaintiffs'  residence is also established by the billing

records, which record a 9/27/2022 charge for  $85.00 charged for counsel's staff:

> "Search for address besides law firm of homeowners."

 This preceded the  false sworn statement that Defendants sent  the second mailing to the

Foxmoor address, when Defendants' own documents demonstrate that it was not (it was sent to

the  3300 N. Ridge address).

30.     The number, magnitude, materiality and intentional nature of the multiple, serial

false statements, and particularly false statements under oath, and the refusal to withdraw or

correct same so as to fraudulently run-up the legal fees, mislead the Court and harm the Plaintiffs

was fraudulently committed  with evil intent, improper motive, and actual malice and thus

punitive damages are justified and needed.

31.     Defendants also falsely swore in a  November 10, 2022 Affidavit that they had

incurred expenses of  $260.84 had been incurred, when Defendants' own documents disclose

that these claimed charges against Plaintiffs were falsely inflated by approximately 50%, as  only

$174.84 of expenses had been incurred by the time of that Affidavit (which is even troubling

when committed by an attorney and firm whose potentially fraudulent billing practices had

already been questioned by a Delaware Court,[1] and by an attorney who consistently and

improperly threatened to run-up extravagant fees in an attempt to intimidate an out-of-state

Plaintiff from raising his valid concerns regarding false Affidavits, lack of jurisdiction and

objections to the conduct which violates multiple laws), with unprofessional boasts of "I live in

the Courtroom."

32.      Defendants also submitted bills containing false and/or non-compensable

billing entries, including a 1/17/23 billing entry for Mr. Valihura claiming  time for "Review

email re: shrubs," when there  was no issue regarding "shrubs" in the debt collection  action,

grossly overcharged rates and alleged time spent, and significant sums charged for  purely non-

professional services, which the law does not allow, as well as  attempting to claim **fees  for**

**activities related to the fee claim** which are also prohibited under the applicable law.

33.      Defendants also made false representations in their Bill of Particulars, falsely

verified by Defendant BBHOA's then President Matthew Paige, that late fees were mandatory,

when the proffered alleged Amended Declarations upon which Defendants based their claim  at

6.6 B (1) reference "a late fee in such amount as the Board of Directors may fix and change from

time to time, .. '". the By-Laws on record for the Association of Condominium Owners of Heron

Run at Bethany Bay Condominiums: " ... The Council may, but need not, offer a discount for

---

[1] *Cove Owners Ass'n v. 1205 Coastal LLC, C. A.* CPU6-19-000104 (Del. Com. Pleas Oct. 4, 2022)    ("In addition, in reviewing the billings, the Court notes that Plaintiff's counsel seeks a total of $1,854.75 fees and costs billed from March 30, 2020 through July 23, 2021. However, this Court's civil docket was effectively shut down throughout this time period due to the COVID pandemic. In fact, this case's docket reflects no entries from December 23, 2019 (a notice of service of discovery responses) through August 2, 2021 (the  scheduling of an initial September, 2021 trial date in this matter). The Bar was well aware that this Court was not scheduling motions or trials throughout this time. Indeed, this case was one of the first civil trials to be scheduled in the aftermath of the pandemic. The Court's review of the billings in this stated period reflect little or nothing that it recognizes trial or motion preparation. The Court declines to award the $1,854.75 sought related to this time period.")

assessments paid in advance, for such number of installments and for such amount of discount as the Council may from time to time determine," which is the core issue surrounding the bogus debt claims asserted and pursued against Plaintiffs

34.      Defendants repeatedly communicated with the Court via letters and/or *ex parte* submissions (including a May 11, 2023 Affidavit in support of the unlawful fee claim and an amended (alias) Complaint filed in violation of the Rules without notice to Plaintiffs).

35.      Defendants also brought the debt collection action and maintained same in violation of 1692(i), by bringing a debt collection action in a judicial district which was not the district in  which Plaintiffs signed the contract sued upon or in which either Plaintiff resided at the commencement of the action.

**COUNT I**

**Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692 et. al.**
**Alleged Against All Defendants Except Bethany Bay Homeowners Association, Inc.**

36.      The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

37.      The FDCPA was passed in 1978 to promote ethical business practices by debt collectors, and to protect consumers who have been harmed by abusive or deceptive debt collectors.

38.      The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing on one violation. See 15 U.S.C. § 1692k(a); *Bradshaw v. Hilco Receivables, LLC,* 765 F. Supp.2d 719, 725 (D. Md. 2011).

39.      15 U.S.C. § 1692e(2)(A) prohibits false representations of the character, amount, or legal status of any debt. In the instant case, as fully outlined *supra*, Defendants falsely represented the amount of the alleged debt, and proceeded to unlawfully attempt to collect same.

11

40.     15 U.S.C. § 1692f(1) prohibits debt collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." In the instant case, as fully outlined *supra*, Defendants engaged in a deceptive collection campaign where they threatened and/or charged amounts which were not allowable under Defendants' own agreements, rules and policies, including but not limited to the Defendants' own Collection Procedures, which was  unreasonable, fraudulent, and/or groundless.

41.     15 U.S.C. § 1692(e) states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.     Each of Defendants' improper and/or unlawful acts as set forth above in paragraph 4(a) through 4(u), and paragraphs 14-33, including but not limited to  the  false sworn statements, false Affidavits, misleading statements, fraudulent threatened and/or claimed charges, and serial misconduct, constitute   false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of the  15 U.S.C. § 1692(e).

43.     15 U.S.C. § 1692(e)(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Each of Defendants' improper and/or unlawful acts as set forth above in paragraph 4(a) through 4(u), and paragraphs 14-33, including but not limited to  the  false sworn statements, false Affidavits, misleading statements, fraudulent threatened and/or claimed charges, and serial misconduct, constitute   false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of the  15 U.S.C. § 1692(e)(10).

44.     The number, magnitude, materiality and intentional nature of the multiple, serial false statements, and particularly false statements under oath, and the refusal to withdraw or correct same so as to fraudulently run-up the legal fees, mislead the Court and harm the Plaintiffs

was fraudulently committed  with evil intent, improper motive, and actual malice and thus punitive damages are justified and needed.

45.    As  a direct result of Defendants' misconduct, false representations, fraudulent charges and/or attempted charges (including fee claims) violations, unfair,  acts and business practices, Plaintiffs suffered actual and economic damages including damages from anxiety, and emotional distress, and Plaintiff Edward J. Brown suffered costs and expenses related to the debt collection action,  lost time from his vocation and avocations.

**WHEREFORE,** it is requested that this Honorable Court render a judgment in favor of the Plaintiffs against Defendants   for all reasonable damages sustained by Plaintiff, including, but not limited to, statutory damages in the amount of $1,000, economic damages, damages for emotional distress and mental anguish, punitive damages.  reasonable attorney's fees, and court costs, totaling $500,0000 and any further relief that this Court deems just and proper.

## COUNT II

### Violation of the Maryland Consumer Debt Collection Act ("MCDCA") Alleged against all Defendants

46.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

47.    The Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW § 14-201 *et seq.* (the "MCDCA"), prohibits "collecting or attempting to collect an alleged debt" by "[c]laim, attempt, or threat[] to enforce a right with knowledge that the right does not exist."  MD. CODE ANN., COM. LAW § 14-202(8).

48.    The MCDCA also prohibits collectors from engaging in conduct that violates §§ 804 through 812 of the FDCPA. MD. CODE ANN., COM. LAW § 14-202(11).

49.    The Defendants, each collectors as defined by the MCDCA,  claimed, attempted, and threatened to enforce a right that it knew did not exist by charging excessive fees, and fees

13

that were not authorized by contract or law, and including those fees in a lawsuit filed against the Plaintiffs in Delaware.

50.    The Defendants' actions violated the FDCPA. *See* Count One and incorporate herein.

51.    As a direct and proximate result of the Defendants' actions, Plaintiff suffered actual damages including emotional distress with physical manifestations including, but not limited to, sleep interruption and fatigue.

**WHEREFORE,** it is requested that this Honorable Court render a judgment in favor of the Plaintiffs against Defendants  for all reasonable damages sustained by Plaintiff, including, but not limited to, economic damages, damages for emotional distress and mental anguish, reasonable attorney's fees, and court costs, totaling $500,0000 and any further relief that this Court deems just and proper.

## COUNT III

### Violation of the Maryland Consumer Protection Act ("MCPA")
### Alleged Against All Defendants

52.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

53.    The Defendants' debt collection practices, as set forth herein, are governed by the Consumer Protection Act, MD. CODE ANN., COM. LAW § 13-101, *et seq.*

54.    Section 13-303 prohibits unfair or deceptive trade practices in the extension of consumer credit or collection of consumer debts. Defendants' attempt to collect unauthorized and excessive fees from the Plaintiffs are governed by this section.

55.    The Maryland Consumer Protection Act defines unfair or deceptive trade practices to include, inter alia, the following:

14

(a) False, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and

(b) Failure to state a material fact if the failure deceives or tends to deceive.

Md. Code Ann., Com. Law § 13-301(1) and (3).

56.     The Defendants made materially false, misleading oral or written statements, omissions, or other representations related to a false debt which had the capacity, tendency, or effect of deceiving or misleading the Plaintiff in violation of MD. CODE ANN., COM. LAW § 13-301(1).

57.     A violation of the MCDCA is also a violation of the Maryland Consumer Protection Act. MD. CODE ANN., COM. LAW § 13-301(14)(iii).

58.     As a direct and proximate result of the actions of the Defendants, Plaintiff suffered actual damages including emotional distress with physical manifestations including sleep interruption and fatigue.

**WHEREFORE,** it is requested that this Honorable Court render a judgment in favor of the Plaintiffs against Defendants   for all reasonable damages sustained by Plaintiff, including, but not limited to, economic damages, damages for emotional distress and mental anguish, reasonable attorney's fees, and court costs, totaling $500,0000 and any further relief that this Court deems just and proper.

Respectfully Submitted,

*/s/Ingmar Goldson*
Ingmar Goldson, Esq. (Bar No. 19024)
The Goldson Law Office
1 Research Court, Suite 450
Rockville, MD 20850

Phone: 240-780-8829
igoldson@goldsonlawoffice.com

*/s/Lorraine Lawrence-Whittaker*
Lorraine Lawrence-Whittaker
(Bar No. 26913)
LAWRENCE WHITTAKER, PC
5300 Dorsey Hall Drive, Suite 100
Ellicott City, MD 21042
(410)997-4100/997-4272(fax)
llw@lwtrialteam.com


Attorneys for Plaintiffs


*/s/ Edward J. Brown*
Edward J. Brown, Esq. (04739)
The Law Office of Edward J. Brown, LLC
3300 N. Ridge Rd., Suite 245
Ellicott City, Maryland 21043
410-465-5291
410-465-0078 (fax)
Brown@budbrownlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial on all matters herein.

*/s/Ingmar Goldson*
Ingmar Goldson, Esq. (Bar No. 19024)
The Goldson Law Office
1 Research Court, Suite 450
Rockville, MD 20850
Phone: 240-780-8829
igoldson@goldsonlawoffice.com

*/s/Lorraine Lawrence-Whittaker*
Lorraine Lawrence-Whittaker
(Bar No. 26913)
LAWRENCE WHITTAKER, PC
5300 Dorsey Hall Drive, Suite 100
Ellicott City, MD 21042
(410)997-4100/997-4272(fax)
llw@lwtrialteam.com


*Attorneys for Plaintiffs*