IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD J. BROWN, *et al.*,          *

    *Plaintiffs*,          *

    v.          *          Civil Action No. RDB-23-1573

BETHANY BAY HOMEOWNERS          *
ASSOCIATION, INC., *et al.*,          *

    *Defendants*.          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

This case arises out of an allegedly unlawful debt collection action. Plaintiffs Edward J. Brown and Mary M. Brown are Maryland residents who allege that they were falsely assessed charges and legal fees in connection with their property in Ocean View, Delaware by Defendants Bethany Bay Homeowners Association, Inc., Morton, Valihura & Zerbato, LLC ("MVZ"), Legum & Norman Realty, Inc. t/a Legum and Norman ("Legum"), and Robert J. Valihura, Jr. (ECF No. 1.) Plaintiffs bring three claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count I), the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 (Count II), and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 (Count III).

Presently pending are Valihura and MVZ's Motion to Dismiss, or in the alternative, to Transfer Venue (ECF No. 9) and Bethany and Legum's Motion to Dismiss (ECF No. 11). Valihura and MVZ argue that this Court does not have personal jurisdiction over them, that the FDCPA and MCPA bar claims against lawyers, and that the case should be transferred to

Delaware. Bethany and Legum argue that Plaintiffs are collaterally estopped from relitigating issues previously decided by the Justice of the Peace Court in Sussex County, Delaware. The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Valihura and MVZ's motion (ECF No. 9) is DENIED and Bethany and Legum's motion (ECF No. 11) is GRANTED.

## BACKGROUND

In ruling on a motion to dismiss or a motion to transfer, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)); *see also Cosmopolitan Inc. v. PNC Bank, Nat'l Ass'n*, No. GLR-19-2744, 2020 WL 4287439, *3 (D. Md. July 27, 2020) (motions to transfer). Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint, and accepted as true for the purpose of Defendants' Motions to Dismiss.

Plaintiffs Edward J. Brown and Mary M. Brown are residents of the State of Maryland. (ECF No. 1 ¶ 8.) They allege that they were fraudulently charged excessive fees and interest charges by the group of defendants in this case. (*Id.* ¶ 16.) Defendants include Bethany Bay Homeowners Association, Inc., a Delaware corporation; Morton, Valihura & Zerbato, LLC ("MVZ"), a Delaware corporation that regularly practices in Maryland; Legum & Norman Realty, Inc. t/a Legum and Norman, Inc. ("Legum"), a District of Columbia corporation that regularly carries on business in Maryland; and Robert J. Valihura, Jr., a Delaware attorney. (*Id.* ¶¶ 9–13.) The Browns allege that Defendants sent a letter on June 9, 2022 that included misrepresentations of amounts due by the Browns and "improper threats" to add additional

2

charges to the amounts due. (*Id.* ¶¶ 17–19.) Defendants then filed suit in the Justice of the Peace Court in Sussex County, Delaware on June 22, 2022, representing that the Browns owed $4,804.12. (*Id.* ¶ 20.) The Browns allege "that at most, the alleged debt could have less than half of this falsely claimed amount ($2,329.86.) [*sic*]." (*Id.*) The Browns further allege that "Defendants provided false Affidavits to mislead the Court into believing that service was properly obtained upon Plaintiffs" and that they attempted to "mislead a Court into believing it had obtained jurisdiction over one or both Plaintiffs . . . ." (*Id.* ¶¶ 22, 25.) Additionally, the Browns allege Defendants "unethically" ran up legal fees during the litigation. (*Id.* ¶ 23.) Defendants also allegedly falsely inflated their incurred expenses, billing entries, and fees in affidavits. (*Id.* ¶¶ 31–33.) Lastly, the Browns allege that Defendants brought the debt collection action in an improper judicial district because it was not brought in the district "in which Plaintiffs signed the contract sued upon or in which either Plaintiff resided at the commencement of the action." (*Id.* ¶ 35.)

On April 20, 2023, the Justice of the Peace Court entered judgment against the Browns for $4,246.17 plus court costs and attorney's fees. The Browns did not file a timely appeal within the required fifteen days. Instead, on June 9, 2023, the Browns filed suit in this Court, alleging federal question jurisdiction and bringing three counts under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count I), the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 (Count II), and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 (Count III). (ECF No. 1.) Defendants Valihura and MVZ moved to dismiss, or in the alternative, to transfer venue (ECF No. 9), and Bethany and Legum also moved to dismiss the Complaint

(ECF No. 11). The Browns responded to each motion separately. (ECF Nos. 16, 26.) The matters are ripe for review.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

A motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction challenges a court's authority to exercise its jurisdiction over the moving party. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The jurisdictional question is "one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Id.*; *Sigala v. ABR of VA, Inc.*, 145 F. Supp. 3d 486, 489 (D. Md. 2015). While a court may hold an evidentiary hearing or permit discovery as to the jurisdictional issue, it also may resolve the issue on the basis of the complaint, motion papers, affidavits, and other supporting legal memoranda. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also Sigala*, 145 F. Supp. 3d at 489. If a court does not hold an evidentiary hearing or permit discovery, a plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp.*, 561 F.3d at 276. When considering whether the plaintiff has made the requisite showing, "the court must take all disputed facts and reasonable inferences

in favor of the plaintiff." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Notably, "a threshold prima facie finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n. 5 (4th Cir. 2005) (emphasis in original) (citation omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). "[I]t is well established

that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic.'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (quoting *Trimble*, 484 F.3d at 705).

## ANALYSIS

### I.      Valihura and MVZ's Motion (ECF No. 9)

As an initial matter, the individual defendant Robert J. Valihura, Jr., and his law firm Morton, Valihura & Zerbato, LLC ("MVZ"), argue that this Court does not have jurisdiction over them. Maryland's long-arm statute, Md. Code, Cts. & Jud. Proc. § 6-103, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212–13 (4th Cir. 2002). Accordingly, the inquiry is whether the defendant purposefully established "minimum contacts" with Maryland such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A "minimum contacts" determination rests on the number and relationship of a defendant's contacts to the forum state, as well as whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state. *Int'l Shoe*, 326 U.S. at 316.

A court may exercise two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in

the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For individuals, that

means place of domicile; for corporations, it means place of incorporation and principal place

of business. *Ford*, 592 U.S. at 358 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

On the other hand, specific jurisdiction arises when there is an "affiliation between the forum

and the underlying controversy." *Bristol-Myers Squibb*, 582 U.S. at 262; *Carefirst of Maryland, Inc.*

*v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). When assessing specific

jurisdiction, the United States Court of Appeals for the Fourth Circuit considers: "(1) the

extent to which the defendant purposefully availed itself of the privilege of conducting

activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at

the State; and (3) whether the exercise of personal jurisdiction would be constitutionally

reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting

*ALS Scan*, 293 F.3d at 712).

 "The purposeful availment requirement 'ensures that a defendant will not be haled into

a jurisdiction solely as a result of 'random, fortuitous, or attenuated' contacts, or of the

'unilateral activity of another party or a third person.'" *Ryan v. TEV Corp.*, ELH-18-3852, 2019

WL 5683400, at *5 (D. Md. Nov. 1, 2019) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475

(1985)). The United States Court of Appeals for the Fourth Circuit has identified several

nonexclusive factors courts may consider to determine whether a defendant has purposefully

availed itself to the forum state. *Consulting Eng'rs*, 561 F.3d at 278. For example, in the business

context, purposeful availment may be inferred by the obligation to perform contractual duties

in the forum state. *Id.* at 278 (citing *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311,

314 (4th Cir. 1982)). It may also be found where the defendant "reached into the forum state to solicit or initiate business." *Consulting Eng'rs*, 561 F.3d at 278 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 221 (1957)); *Burger King*, 471 U.S. at 475–76.

Plaintiffs allege that Defendants mailed a debt collection letter to them in Maryland that included false statements and threats and "failed to include the account number and failed to set forth an itemization of the current amount of the debt that reflects interest, fees, payments, and credits since a particular date." (ECF No. 1 ¶ 16.) In other words, Plaintiffs allege that Defendants "purposefully directed" activity towards them in Maryland. *Burger King*, 471 U.S. at 476. As the Fourth Circuit has noted, "[e]ven a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact, provided that the principle of 'fair play and substantial justice' is not thereby offended." *Carefirst*, 334 F.3d at 397 (quoting *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 238 (D. Md. 1992), *aff'd*, 991 F.2d 1195 (4th Cir. 1993)); *see also Chartier v. M. Richard Epps, P.C.*, No. CIV.A. ELH-14-1071, 2014 WL 4748629 (D. Md. Sept. 23, 2014). Plaintiffs allege that this letter, purposefully directed towards them, creates a cause of action because it included misrepresentations and false threats in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count I), the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 (Count II), and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 (Count III). Moreover, Plaintiffs allege that they were harmed by this letter in the state of Maryland. "In *Ford*, the Court repeatedly emphasized that the injuries occurred in the forum states." *Wallace v. Yamaha Motors Corp, U.S.A.*, No. 19-2459, 2022 WL 61430, at *4 (4th Cir. Jan. 6, 2022) (citing *Ford*, 592 U.S. at 361). Under these circumstances, it would not

be constitutionally unreasonable to exercise jurisdiction over Valihura and MVZ, especially considering that MVZ "routinely practices" in Maryland. (ECF No. 16-2 at 1.) Therefore, these circumstances satisfy the three-prong test set forth in *Consulting Engineers*. Accordingly, Valihura and MVZ's motion to dismiss for lack of personal jurisdiction is DENIED.

Valihura and MVZ also argue that the FDCPA does not apply to them "because an attorney acting on behalf of a homeowners association is not considered to be a debt collector under the FDCPA." (ECF No. 9-1 at 6.) "In order for Defendants to be liable for FDCPA violations, they must qualify as 'debt collectors' under the FDCPA." *Fontell v. Hassett*, 870 F. Supp. 2d 395, 402 (D. Md. 2012). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Although "[a]n entity that tries to collect a debt on its own behalf is not a debt collector under the FDCPA," *Fontell v. Hassett*, No. 10-CV-01472-AW, 2012 WL 1409390, at *4 (D. Md. Apr. 20, 2012) (citing *Betskoff v. Enterprise Rent A Car Co. of Baltimore*, No. ELH–11–2333, 2012 WL 32575, at *5 (D. Md. Jan. 4, 2012)), "the FDCPA's definition of 'debt collector' includes lawyers who regularly, through litigation, attempt to collect consumer debts." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 593 (2010) (citing *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)); *see also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007). In this case, MVZ is attempting to collect debts on behalf of another (Bethany Bay Homeowner's Association), which means that MVZ is not attempting to collect debts on its own behalf. Moreover, MVZ attempted to collect this debt through litigation, which means that it squarely

9

falls within the definition of a debt collector under the FDCPA as it has been interpreted by the courts. Accordingly, Valihura and MVZ's motion to dismiss Count I is DENIED.

Valihura and MVZ further move to dismiss Count III under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 ("MCPA" or "CPA"), by arguing that it "does not apply to lawyers." (ECF No. 9-1 at 6.) It is true, as Chief Judge Bredar of this Court has noted, that "the MCPA does not apply to the 'professional services' of certain enumerated practitioners, including lawyers." *Hawkins v. Kilberg*, 165 F. Supp. 3d 386, 389 (D. Md. 2016) (citing Md. Code Ann., Com. Law § 13-104(1)). However, the Supreme Court of Maryland has held "that in the debt collection context, where a lawyer or law firm engages in debt collection activity which: (1) requires a license under MCALA[ (the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7-101)]; or (2) which would be prohibited under MCDCA, the professional services exemption of the CPA, CL § 13-104(1) does not apply to the conduct or services." *Andrews & Lawrence Pro. Servs., LLC v. Mills*, 223 A.3d 947, 964 (Md. 2020).[1] Plaintiffs bring this suit under both the MCPA and the MCDCA to challenge Valihura and MVZ's debt collection activity. The professional services exemption therefore does not apply in this instance. Accordingly, Valihura and MVZ's motion to dismiss Count III is DENIED.

Finally, Valihura and MVZ move to transfer this case to the United States District Court for the District of Delaware. "For the convenience of parties and witnesses, in the

---

[1] At the time of *Mills*, the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the "Supreme Court of Maryland." The name change took effect on December 14, 2022.

interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden to demonstrate that transfer is proper. *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004). A district court has great discretion in determining whether to transfer a case under Section 1404(a), and the decision to transfer an action is guided by an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Court considers four factors when determining whether transfer is proper: "(1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice." *United States ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 774 (D. Md. 2017). "The decision whether to transfer venue is committed to the sound discretion of the trial court." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008) (citing *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991)). However, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (alteration in original) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

In this case, the factors do not compel transfer. Defendants have not alleged which "relevant witnesses" reside in Delaware, and neither do they make any showing that Maryland is inaccessible for the witnesses. (ECF 9-1 at 9.) Moreover, Defendants fail to show that litigating in Maryland would be inconvenient for the parties, especially in the digital age where relevant documents are all easily accessible electronically. Although the interests of justice could be served in either court, this is an instance where there is no need to disturb the

plaintiffs' choice of forum. Plaintiffs reside in Maryland, as do their witnesses. (ECF No. 16-1 at 26.) Additionally, the alleged fraudulent mailing occurred in Maryland. In sum, the plaintiffs' choice of forum in this case is not outweighed by the other factors. Accordingly, Valihura and MVZ's motion to transfer is DENIED.

## II.    Bethany and Legum's Motion (ECF No. 11)

Bethany and Legum argue that "[t]his Court should dismiss this action because Plaintiffs are collaterally estopped from relitigating factual and legal issues that were previously decided by another court," namely the Justice of the Peace Court of the State of Delaware in and for Sussex County. (ECF No. 11-1 at 2.) Bethany and Legum argue that in that case, *Bethany Bay HOA v. Edward Brown, et al.*, Civil Action No. JP17-22-002385 (Del. J.P. Ct. April 20, 2023) ("the Delaware Action"), the Delaware "Justice of the Peace Court found in favor of Bethany Bay regarding the debt owed by Plaintiffs" and, in so doing, "made certain factual findings regarding service on the Plaintiffs, the amount of the debt owed and the appropriateness of the attorney's fees charged." (ECF No. 11-1 at 2.) Moreover, Bethany and Legum argue that "the Justice of the Peace Court determined that Plaintiffs legal arguments, which included allegations that Bethany Bay and Valihura violated the FDCPA were without merit, finding that the FDCPA did not apply to HOAs." (*Id.*)

Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) (citing 28 U.S.C. § 1738). "In considering the preclusive effect of an earlier state court judgment on a new claim, we apply the 'preclusion law of the State in which judgment was rendered.'" *Bennett v. Garner*, 913 F.3d 436, 440 (4th

12

Cir. 2019) (quoting *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000)). As the judgment in question was rendered in Delaware, Delaware law applies. In Delaware, preclusion doctrine falls into two categories: res judicata (or claim preclusion) and collateral estoppel (or issue preclusion). *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000). "Res judicata prohibits judicial bodies from 'reconsidering conclusions of law previously adjudicated.' Collateral estoppel bars judicial bodies from reconsidering conclusions of fact made previously by another body." *Puckett v. Matrix Servs.*, 2013 WL 69234, at \*2 (Del. Jan. 7, 2013). Because Bethany and Legum argue that Plaintiffs are collaterally estopped from relitigating previously decided issues, the relevant doctrine is collateral estoppel or issue preclusion. Delaware courts consider four factors when determining whether collateral estoppel bars consideration of an issue: "(1) The issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Betts*, 765 A.2d at 535 (quoting *State v. Machin*, 642 A.2d 1235, 1239 (Del. Super. Ct. 1993)).

In this case, Bethany and Legum seek to invoke collateral estoppel against the Browns, who were party to the Delaware Action. (ECF No. 11-2 at 1.) The Browns make no showing that they lacked a full and fair opportunity to litigate in the Delaware Action, and the Delaware Action has been finally adjudicated on the merits. (*See id.* at 1–2.) The only questions remaining regard which issues decided in the Delaware Action find identical counterparts in this case. To begin with, the Justice of the Peace Court found that "[a]s to the Fair Debt Collection Practices

Act, Settled law has established that Homeowners Associations are not 'debt collectors' as contemplated under the FDCPA and the FDCPA is not a legal defense to a claim." (*Id.* at 1.) This is consistent with this Court's previous conclusion that a "homeowners association, in collecting debts owed to itself rather than debts owed to another, cannot be considered a debt collector under 15 U.S.C. § 1692a(6)." *Fontell v. Hassett*, 870 F. Supp. 2d 395, 402 (D. Md. 2012). Accordingly, Plaintiffs are collaterally estopped from relitigating the issue of Bethany's status as a debt collector. The Justice of the Peace Court also found that Bethany "proved by preponderance of the evidence that it is entitled to Homeowners Association Dues totaling $4,246.17 as of January 1, 2023." (ECF No. 11-2 at 1.) The Court therefore determined that the Browns were properly served in that case, which allowed the Court to render judgment against the Browns. The Court's determination also signals a decision as to the debt owed and attorney's fees incurred, which are the substance of the Browns' Complaint in this case. In other words, the Justice of the Peace Court determined all of the relevant issues upon which the Browns' claims against Bethany and Legum depend. The Browns' lawsuit is therefore a simple attempt to relitigate the issues already decided in the Delaware Action. Under Delaware preclusion law and general principles of collateral estoppel, the Browns cannot maintain this action against Bethany and Legum. Accordingly, Bethany and Legum's Motion to Dismiss (ECF No. 11) is GRANTED and the case is DISMISSED WITH PREJUDICE as to Bethany and Legum.

14

**CONCLUSION**

For foregoing reasons, it is this 22nd day of March, 2024, ORDERED that:

1. Defendants Valihura and MVZ's Motion to Dismiss or in the Alternative to Transfer (ECF No. 9) is DENIED;

2. Defendants Bethany and Legum's Motion to Dismiss (ECF No. 11) is GRANTED;

3. The case is DISMISSED WITH PREJUDICE as to Defendants Bethany and Legum;

4. The Clerk of the Court shall recaption the case to reflect that Bethany and Legum are no longer parties to this suit;

5. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: March 22, 2024

_____
            /s/
Richard D. Bennett
United States Senior District Judge
